UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA HUBERT, Individually and
as Special Administrator of the Estate
for Robert Hubert, Deceased,

                Plaintiff,

    -v-                                     1:16-CV-1146

ATWOOD & MORRILL CO., INC.,
doing business as Weir Valves &
Controls USA Inc., ELECTROLUX
HOME PRODUCTS, INC.,
Individually and as Successor to
Tappan and Copes-Vulcan and
Blaw-Knox Company, FAIRBANKS
COMPANY (THE), Individually and
as Successor to Fairbanks Valves,
GENERAL ELECTRIC COMPANY,
IMO INDUSTRIES, INC., Individually
and as Successor to Turbine
Equipment Company formerly known
as IMO Delaval, Inc., INGERSOLL-
RAND COMPANY, NASH
ENGINEERING COMPANY (THE),
SPIRAX SARCO, INC., VELAN
VALVE CORP., WARREN PUMPS,
LLC, Individually and as Successor
to The Quimby Pump Company, and
WILLIAM POWELL COMPANY (THE),

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

SHRADER & ASSOCIATES, LLP         BRADLEY DILLON PEEK, ESQ.
Attorneys for Plaintiff                      ROBERT EUGENE
3900 Essex Lane, Suite 390              SHUTTLESWORTH, ESQ.
Houston, TX 77027

| | |
|---|---|
| BELLUCK, FOX LAW FIRM<br>Attorneys for Plaintiff<br>546 Fifth Avenue, 4th Floor<br>New York, NY 10036 | SETH A. DYMOND, ESQ. |
| OFFICE OF RICHARD P. PLOCHOCKI<br>Attorneys for Defendant Atwood &<br>    Morrill Co., Inc.<br>100 Madison Street<br>Syracuse, NY 13202 | RICHARD P. PLOCHOCKI, ESQ. |
| MCGIVNEY, KLUGER LAW FIRM<br>Attorneys for Defendants Atwood &<br>    Morrill Co., Inc., Fairbanks Company,<br>    and Nash Engineering Company<br>100 Madison Street, Suite 1640<br>Syracuse, NY 13202 | ERIC M. GERNANT, ESQ. |
| HODGES WALSH & MESSEMER, LLP<br>Attorneys for Defendants Electrolux Home<br>    Products, Inc. and Spirax Sarco, Inc.<br>55 Church Street, Suite 211<br>White Plains, NY 10601 | GEORGE S. HODGES, ESQ. |
| THOMAS A. SICA, ESQ.<br>Attorneys for Defendants Electrolux Home<br>    Products, Inc. and Spirax Sarco, Inc.<br>9 Wingate Road<br>Glenmont, NY 12077 | THOMAS A. SICA, ESQ. |
| TANENBAUM KEALE LLP<br>Attorneys for Defendant General<br>    Electric Company<br>1085 Raymond Boulevard, 16th Floor<br>Newark, NJ 07102 | DENNIS E. VEGA, ESQ. |
| LEADER, BERKON LAW FIRM<br>Attorneys for Defendants IMO Industries<br>    Inc. and Warren Pumps, LLC<br>630 Third Avenue<br>New York, NY 10017 | ANNMARIE GIBLIN, ESQ.<br>DAVID J. GOODEARL, ESQ. |

| | |
|---|---|
| PHILLIPS LYTLE LLP<br>Attorneys for Defendant IMO<br>   Industries, Inc.<br>125 Main Street<br>Buffalo, NY 14203 | JAMES W. WHITCOMB, ESQ. |
| KENNEY, SHELTON LAW FIRM<br>Attorneys for Defendant<br>   Ingersoll-Rand Company<br>233 Franklin Street<br>Buffalo, NY 14202 | JAMES W. NOWAK, ESQ. |
| BOUVIER LAW LLP<br>Attorneys for Defendant Spirax<br>   Sarco, Inc.<br>Main Place Tower<br>350 Main Street, Suite 1800<br>Buffalo, NY 14202 | PAULA M. EADE-NEWCOMB, ESQ. |
| MARON MARVEL BRADLEY &<br>   ANDERSON LLC<br>Attorneys for Defendant Velan<br>   Valve Corp.<br>328 Newman Springs Road<br>Red Bank, NJ 07701 | TIMOTHY COUGHLAN, ESQ. |
| CLEMENTE, MUELLER LAW FIRM<br>Attorneys for Defendant William Powell<br>   Company<br>14 Wall Street, 22nd Floor<br>New York, NY 10005 | WILLIAM F. MUELLER, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On July 16, 2016, plaintiff Patricia Hubert ("Hubert" or "plaintiff"), as Special Administrator for the Estate of her husband, Robert Hubert ("Robert" or "decedent"), filed this asbestos tort action in Supreme Court, Schenectady County, against a laundry list of

defendants. Thereafter, defendant General Electric Company invoked the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and removed plaintiff's action to this federal forum.

On January 6, 2017, defendant Fairbanks Company ("Fairbanks") moved under Federal Rule of Civil Procedure ("Rule") 12(b)(2) asserting that personal jurisdiction over it was lacking in this forum. Defendant William Powell Company ("Powell") filed a similar motion a few months later. Hubert has opposed both motions, which will be considered on the basis of the submissions without oral argument.

## II. BACKGROUND

In July 2015, just under seven months after being diagnosed, Robert succumbed to asbestos-induced mesothelioma, a terminal form of cancer. Hubert's lawsuit alleges that her husband's asbestos exposure occurred between 1970 and 1983, when decedent served as a machinist in the United States Navy aboard two ballistic missile submarines: the USS Ethan Allen and the USS Tecumseh.[1] In addition to spending two tours at sea on these nuclear subs, decedent also worked as an instructor at the Kenneth A. Kesselring Naval Nuclear Laboratory in West Milton, New York. According to decedent, his work as both a machinist and as an instructor required him to work with certain machine valves and other asbestos-containing products manufactured by both Fairbanks and Powell.

Fairbanks is a Georgia corporation with its principal place of business in Georgia. White Aff. ¶¶ 2-3; Gernant Decl. ¶ 8. Prior to 1982, "a predecessor also known as The Fairbanks Company, which manufactured valves and material handling equipment, was

---

[1] Robert testified in his deposition that he served aboard the USS Ethan Allen while it was docked in Roda, Spain, and later served aboard the USS Tecumseh while it was docked in New Hampshire. Fee Aff. ¶ 3

incorporated under the laws of New Jersey, with its principal place of business in New York." Liberty Mut. Ins. Co. v. Fairbanks Co., 17 F. Supp. 3d 385, 389 (S.D.N.Y. 2014); see also Shuttlesworth Decl. Ex. E at 39.[2]

Until it shut down in 1983, Fairbanks valves were manufactured in a facility located in Binghamton, New York.  Shuttlesworth Decl. Ex. A at 13; Shuttlesworth Decl. Ex. B at 21. According to Hubert, the Binghamton plant was the *only* Fairbanks plant to ever manufacture these valves prior to 1985.  Id.

Fairbanks surrendered its business registration for the State of New York in 1999.  Fairbanks Co., 17 F. Supp. 3d at 389.  Although it is no longer authorized to do business in New York and does not have any offices, employees, or own any real property in the State, White Aff. ¶¶ 4-6, Fairbanks still conducts some manner of business here.  Shuttlesworth Decl. Ex. A at 7-8.

Powell is an Ohio corporation with its principal place of business in Ohio.  Fee Aff. ¶ 13.  It is not registered to do business in New York and does not have any offices, employees, or own any real property in the state.  Id.  However, Robert testified at his deposition that he was exposed to Powell valves between 1975 and 1978 during his time at the naval laboratory in New York.  In addition, Hubert argues that Powell conducts "considerable business" in New York, engaging in deliberate business relationships with New York-based companies.

## III. LEGAL STANDARD

"Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes motions to dismiss

---

[2] Pagination corresponds with that assigned by CM/ECF.

on the basis of lack of personal jurisdiction over a defendant." Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016) (McAvoy, J.). "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Blau v. Allianz Life Ins. Co. of N. Am., 124 F. Supp. 3d 161, 170 (E.D.N.Y. 2015) (quoting Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013)).

"On a Rule 12(b)(2) motion . . . the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Minholz, 227 F. Supp. 3d at 255 (quoting Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566-67 (2d Cir. 1996)). "In reviewing a Rule 12(b)(2) motion, 'a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists.'" Id. (quoting SPV OSUS Ltd. v. UBS AG, 114 F. Supp. 3d 161, 67 (S.D.N.Y. 2015)).

## IV. DISCUSSION

A court may exercise either general or specific personal jurisdiction over a corporate defendant. See Daimler AG v. Bauman, 134 S. Ct. 746, 748-49 (2014). General, or "all-purpose," jurisdiction "permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016). In contrast, specific, or "case-linked," jurisdiction is only available "when the cause of action sued upon arises out of the defendant's activities in a state." Id.

"Whether specific or general, however, the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which

requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" Brown, 814 F.3d at 625 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "In the absence of a federal statute specifically directing otherwise, . . . [courts] look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation." Id. at 624.

### A. Fairbanks

Fairbanks contends that neither general nor specific personal jurisdiction exists over it in New York. As Fairbanks explains, *general* personal jurisdiction is lacking because it does not maintain an office in the State, is not incorporated here, and is not registered to do business here. Further, Fairbanks argues that *specific* personal jurisdiction is lacking because Robert's deposition testimony establishes that he only worked on Fairbanks's asbestos-containing valves while serving in the U.S. Navy outside of the State of New York.

According to Hubert, however, specific personal jurisdiction exists in New York because Fairbanks manufactured the asbestos-containing valves at its plant in Binghamton. In the alternative, plaintiff argues that general personal jurisdiction exists because New York was Fairbanks's principal place of business at the time the valves to which decedent was allegedly exposed were manufactured.

Hubert's second argument is easily dispatched: "Under [New York's general personal jurisdiction statute] CPLR [§] 301, whether a corporation is present in New York is determined based on the time the lawsuit was filed, not when the claim arose." Penny v. United Fruit Co., 869 F. Supp. 122, 125 (E.D.N.Y. 1994); see also Lancaster v. Colonial Motor Freight Line, 581 N.Y.S.2d 283 (N.Y. App. Div. 1st Dep't 1992) (rejecting as "irrelevant" for purposes of C.P.L.R. § 301 the issue of whether the foreign corporation "may

at some time in the past have done or transacted business in New York").

Nevertheless, Hubert contends that specific personal jurisdiction exists under CPLR § 302(a)(2), the subsection of New York's long-arm statute that permits a court to exercise jurisdiction where the foreign corporation "commits a tortious act within the state." According to plaintiff, the tortious conduct at issue in this case is Fairbanks's alleged failure to apply a warning to its asbestos-containing valve at the time of its manufacture. Kurns v. R.R. Friction Prods. Corp., 565 U.S. 625, 635 (2012) ("A failure-to-warn claim alleges that the product itself is unlawfully dangerous unless accompanied by sufficient warnings or instructions.").

Fairbanks, for its part, appears to concede that at least some of the tortious conduct alleged in this case—that is, the warning-less manufacture and distribution of asbestos-containing valves to which Robert claimed to have been exposed—occurred, if at all, in Binghamton at some point prior to 1983, when the plant shut down and Fairbanks moved its remaining operations out of New York. Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 803-04 (S.D.N.Y. 2015) (collecting cases discussing limits of § 302(a)(2)'s reach in federal courts).

However, Fairbanks argues that even exercising specific personal jurisdiction on this basis would violate due process because of the attenuated nature of its contacts with the forum. "While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 165 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

In the context of specific personal jurisdiction, the Supreme Court has held that the following factors should be evaluated as part of this "reasonableness" inquiry: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interests of the states in furthering substantive social policies." Chloe, 616 F.3d at 164-65 (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987)); see also Brown, 814 F.3d at 630 (reaffirming vitality of Asahi's reasonableness inquiry in the specific personal jurisdiction context post-Daimler).

As to the first factor, it would obviously be burdensome on Fairbanks, now a Georgia corporation, to defend against Hubert's lawsuit in New York. But this factor is entitled to little, if any, weight. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 129 (2d Cir. 2002) ("Even if forcing the defendant to litigate in a forum relatively distant from its home base were found to be a burden, the argument would provide defendant only weak support, if any, because the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago.").

As to the second factor, New York would seem to have a clear interest in adjudicating injury claims arising out of allegedly improper business conduct that occurred within the boundaries of the State itself. That interest is undiminished even where, as here, the victim is not a citizen of the forum. See Simon v. Philip Morris, Inc., 86 F. Supp. 2d 95, 134 (E.D.N.Y. 2000) (concluding New York has a "strong interest . . . in preventing the commission of tortious acts within its borders, whether the injured parties are New Yorkers or residents of other states). In this case, Robert appears to have resided within the State

during his time at the naval laboratory, even though he later moved to Illinois.

As to the third factor, Hubert deliberately chose to file this lawsuit in New York and therefore has an interest in obtaining convenient relief; that is, relief in this forum without being forced to litigate elsewhere. However, balanced against that convenience aspect is the potential for an additional jurisdictional tangle: Fairbanks contends that *only* plaintiff's failure-to-warn claim may be asserted against it in this forum, since it is the only tort claim for which she has attempted to identify a long-arm jurisdictional basis. See Fairbanks Reply at 6.

At this stage of the proceedings, it is unclear how Hubert's other claims may arise from, or be related to, facts similar to those underpinning the failure-to-warn claim the parties focus on here. What is clear, however, is that "New York has a decided interest in a comprehensive resolution of related claims in a single litigation against this defendant and related defendants." Simon, 86 F. Supp. 2d at 134.

As for the fourth factor, "courts generally consider where witnesses and evidence are likely to be located." Metro Life Ins. Co., 84 F.3d at 574. According to Fairbanks, it shut down its valve manufacturing facility in 1983, surrendered its New York business registration in 1999, and has since abandoned any presence in the State.

Consequently, documentary evidence is likely to be located in Georgia, with witnesses divided in some manner between Georgia, where operations are currently taking place, New York, where any former or retired employees may be living, and New Jersey, the state where Fairbanks's predecessor organization was originally incorporated.

Robert, though now deceased, spent time in New York before becoming a resident of the State of Illinois, and his wife, Hubert, is now a resident of the State of South

Carolina. See Verified Complaint ¶ 1.

Finally, as to the fifth factor, there is no indication from Fairbanks that any substantive social policies are implicated here.

Upon review of these reasonableness factors, Fairbanks's motion to dismiss for lack of personal jurisdiction will be denied.

### B. Powell

Powell presses similar arguments. First, it claims general personal jurisdiction is lacking because it is an Ohio corporation based in Ohio, is not registered to do business in New York, and does not have any offices, employees, or real property here. Second, it argues that the exercise of specific personal jurisdiction would violate due process.

But as Hubert points out in her opposition memorandum, Robert testified at his deposition that he worked with Powell valves during a four-year period at the naval laboratory in New York, meaning he alleges exposure during his time in the State. See Lebron v. Encarnacion, –F. Supp. 3d–, 2017 WL 2352856, at *11 (E.D.N.Y. May 31, 2017) (discussing § 302(a)(3)'s "situs-of-injury" test).

Hubert has also identified Powell's ongoing, substantial business relationship with Niagara Controls, a New York-based company.[3] Hamilton v. Garlock, Inc., 31 F. Supp. 2d 351, 354 (S.D.N.Y. 1998) (requiring court considering 12(b)(2) motion to "construe the facts from the pleadings and affidavits in the light most favorable to the plaintiff"). Finally, an analysis of the same "reasonableness" factors set forth above with respect to Fairbanks confirms that the exercise of specific personal jurisdiction over Powell would not violate due

---

[3] It is less than clear what business Powell conducted in New York during the period in which Robert alleges asbestos exposure.

- 11 -

process. Accordingly, Powell's motion to dismiss will also be denied.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Fairbanks's motion to dismiss is DENIED; and

2. Powell's motion to dismiss is DENIED.

The Clerk of the Court is directed to terminate the motions pending at Dkt. Nos. 42, 46, and 47.

IT IS SO ORDERED.

United States District Judge

Dated: August 16, 2017
      Utica, New York.